McLANE et al. v. SAN ANTONIO SEWER PIPE CO. (No. 5987.)

(Court of Civil Appeals of Texas. San Antonio. March 6, 1918. Rehearing Denied April 3, 1918.)

APPEAL AND ERROR ⊕⟞997(3) — REVIEW — QUESTION OF FACT—DIRECTED VERDICT.

In a trial for personal injuries, where defendant interposed a plea of res adjudicata, to which plaintiffs excepted, and the court directed a verdict for defendant, judgment will not be reversed where it does not appear whether such verdict was directed on the plea of res adjudicata or on the evidence as to the accident, such evidence justifying direction of verdict.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by John McLane and others against the San Antonio Sewer Pipe Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. D. Childs, of San Antonio, for appellants. Boyle, Ezell, Houston & Grover and Terrell & Terrell, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages alleged to have accrued from the death of the father of appellants, through the negligence of appellee. Appellee filed a general denial and general demurrer, and pleaded assumed risk and contributory negligence, and that deceased was killed through the acts of fellow servants. Appellee also pleaded res ad-

judicata. The court overruled exceptions to the plea of res adjudicata filed by appellants, and struck out all allegations as to fraud in the supplemental petitions and sustained exceptions filed by appellee, after hearing the evidence. The cause was then tried on its merits, and a verdict instructed for appellee. From that judgment this appeal has been perfected.

The ruling of the court was not on the plea of res adjudicata directly, but on exceptions to the plea presented by appellants, and we are not informed on what ground the court overruled the exceptions. It may have been because he thought the plea was not one in abatement, and therefore not subject to attack as coming too late or out of due order. This court cannot know the reason, because not given in the judgment of the court. However, if, as appellants contend, the plea of res adjudicata was sustained, it would have no importance in the determination of the issues in this case, because the cause was tried on its merits, and appellants had the same opportunity to present their case as though the plea of res adjudicata had been overruled.

There is but one assignment of error copied into the brief which assails the judgment of the court because it "erred in not sustaining said exceptions of plaintiff, and in permitting the said defendant to go into the merits of said pleas and introduce evidence thereon, and from the fact thereby adduced in instructing the jury to return a verdict for defendant, and in receiving said verdict and rendering judgment for defendant herein." The decree recites the exceptions of appellants and appellee, and that the exceptions of appellants were overruled, and the exceptions of appellee sustained, and then follows the judgment:

"And thereupon the cause came on for trial on its merits, and all parties, plaintiffs and defendant, appearing and announced ready for trial on the merits and a jury of 12 good and lawful men, to wit, Charles Ehrhardt and 11 others, who, being duly tried, impaneled, and sworn and having heard the pleadings, evidence, and charge of the court in which charge they were instructed by the court to return a verdict as follows: 'Gentlemen of the Jury: In this case you are instructed to return a verdict for the defendant. J. T. Sluder, Judge.' And in pursuance of said charge the said jury returned into open court their verdict, as follows: 'We, the jury, find for the defendant. Charles Ehrhardt, Foreman'—which said verdict was received by the court in open court as the verdict of said jury and approved.

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiffs, Eduardo (Edward) McLane and John McLane, minors, who sue through their mother, Josefa McLane, as next friend, do have and recover nothing of the defendant, but that the defendant go hence without day and recover of said plaintiffs all costs in this behalf incurred or expended, for which let execution issue."

No complaint is made in the assignment of error of the action of the court in instruct-

ing a verdict for appellee on the merits after hearing the evidence. All the complaint is that a verdict was instructed on the evidence heard as to the plea of res adjudicata. The third proposition, which seeks to assail the action of the court in trying the cause after overruling appellants' exceptions to plea of res adjudicata, is not supported by, and is not germane to, the assignment of error. Nothing is assailed in the assignment except the judgment on the exceptions, and the record fails to indicate that the plea of res adjudicata was sustained by the judgment on the exceptions. If it had been sustained, still appellants were not damaged, but got a trial on the merits before the jury, and appellants express no dissatisfaction with the result. It is not claimed that the court invaded the province of the jury in instructing the verdict for appellee.

This court is unable to determine whether the verdict was instructed on the plea of res adjudicata or on the evidence as to the accident, and even if it be thought the charge should not be justified on the plea, still it must be justified on the evidence in the absence of an assignment attacking the verdict on that ground.

In the motion for new trial appellants assailed the charge on the ground that the evidence showed that the death of the father of appellants was caused by the negligence, and that there was no lawful defense to the cause of action, but that assignment of error was abandoned in this court and cannot be considered. There is no assignment copied in the brief in which the evidence is claimed to be sufficient to sustain a verdict for appellants. The only assignment justifies no attack on anything except the action of the court in sustaining the plea of res adjudicata and deciding the case on its merits on the ground of res adjudicata. The record fails to show that the verdict was instructed upon the ground of res adjudicata, and as there is no objection to the charge as being on the weight of the evidence and an invasion of the province of the jury, this court will be compelled to sustain the verdict.

The judgment is affirmed.